UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATAUSHA SIMMONS,

    Plaintiff,

v.

                              Case No. 20-11650
                              Honorable Victoria A. Roberts
                              Mag. Judge Elizabeth A. Stafford

DETROIT, CITY OF; NORMAN
WHITE, former Director of City of
Detroit Parking Violations Bureau; and
JAMES CANTY, Manager of City
of Detroit Parking Violations Bureau

    Defendants.
_____/

**ORDER:**

**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**
**(2) SUMMARILY DISMISSING PLAINTIFF'S COMPLAINT [ECF No. 1]; AND**
**(3) ENJOINING PLAINTIFF FROM FILING FURTHER COMPLAINTS WITHOUT FIRST SEEKING AND OBTAINING LEAVE OF COURT**

## I.    INTRODUCTION/BACKGROUND

On June 5, 2020, Latausha Simmons ("Simmons") filed a *pro se* complaint against the City of Detroit, James Canty, and Norman White (collectively, "Defendants"). She alleges Defendants placed a "stop action" on her driver's license after she failed to pay parking citations and violations. She says the Michigan Secretary of State would not renew her license because of this.

1

Simmons alleges 6 federal claims relating to deprivation of rights under §1983 and Monell (Count I, Count II, Count IV, Count V, Count VI, Count VII) and 4 state claims relating to assault and battery, violations of the Michigan vehicle code, negligence, and emotional distress (Count III, Count VIII, Count IX, Count X).

## II.   ANALYSIS

Plaintiff did not pay the filing fee and filed an "Application to Proceed *In Forma Pauperis*." Nonetheless, the Court allows it.

In 1982, Congress enacted an *in forma pauperis* statute "to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324, (1989) (citing *Adkins v. E.I. DuPont deNemours & Co.*, 335 U.S. 331, 342-43 (1948)). Proceeding *in forma pauperis* is a privilege, not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir.1998); *Weaver v. Toombs*, 948 F.2d 1004, 1008 (6th Cir. 1991).

Courts must construe *pro se* pleadings liberally. *Boag v. MacDougall*, 454 U.S. 364. 365 (1982); *Haines v. Kerner*, 404 U.S. 519. 520 (1972). However, a court must dismiss an *in forma pauperis* complaint that it determines to be frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e).

A *pro se* complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *See Hill v. Lappin*, 630 F.3d 468. 470-71 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under 28 U.S.C. § 1915(e)). Additionally, federal courts are courts of limited jurisdiction and have a duty to police the boundaries of their own jurisdiction. *Answers in Genesis of Kentucky, Inc. v. Creation Ministries Intern., Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009).

### 1. Simmons' Federal Claims

The Court has federal question jurisdiction over Count I, Count II, Count IV, Count V, Count VI, and Count VII because the claims arise under federal law.

On February 19, 2020, the Court granted Defendants' Motion to Dismiss Simmons' 42 U.S.C. 1983 ("§1983") Monell claims. *See Simmons v. Detroit, City of et. al* (18-13812) [ECF No. 35]. Simmons alleges the same wrongdoing here that the Court previously considered and dismissed. Count I, Count II, Count IV, Count V, Count VI, and Count VII against City of Detroit, James Canty, and Norman White are **DISMISSED WITH PREJUDICE**.

### 2. Simmons' State Claims

Because Simmons and Defendants are not diverse, the Court only has supplemental jurisdiction of her state law claims under 28 U.S.C. § 1367. The Court may decline to exercise supplemental jurisdiction over a state law claims if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

A district court is within its discretion to decline to exercise supplemental jurisdiction over a state claim if all federal claims have been properly dismissed. *See Valot v. Southeast Local Sch. Dist. Bd. of Educ.*, 107 F.3d 1220, 1230 (6th Cir.1997). "[G]enerally, if the federal claims are dismissed before trial ... the state claims should be dismissed as well." *United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966).

Accordingly, the Court declines to exercise supplemental jurisdiction over Simmons' state claims. Count III, Count VIII, Count IX, and Count X are dismissed **WITHOUT PREJUDICE**.

### III. CONCLUSION

For the reasons stated, Count I, Count II, Count IV, Count V, Count VI, and Count VII against City of Detroit, James Canty, and Norman White are **DISMISSED WITH PREJUDICE**. Count III, Count VIII, Count IX, and Count X are dismissed **WITHOUT PREJUDICE**.

Further, the Court **IMPOSES** a permanent injunction requiring Simmons to seek leave of court before filing any further complaints. This restriction is warranted because Simmons has brought numerous suits related to the denial of her license renewal resulting from parking violations. These claims relate to the same occurrence and allege similar claims against various Defendants. Simmons' "repetitive or vexatious litigation" is a valid basis for imposing pre-filing restrictions because the merits of his claim have been summarily dismissed more than once. *Feathers v. Chevron U.S.A. Inc.*, 141 F.3d 264, 269 (6th Cir. 1998)("[W]e see nothing wrong . . . with an order that restrains not only an individual litigant from repeatedly filing an identical complaint, but that places limits on a reasonably defined category of litigation

because of a recognized pattern of repetitive, frivolous, or vexatious cases within that category.").

Simmons is enjoined and restrained from filing in the United States District Court for the Eastern District of Michigan any new lawsuit against any party relating in any way to her parking violations, without first making a written request for and receiving a court order.

The Clerk's Office must impose the pre-filing restrictions on Simmons consistent with the Court's Order [ECF 6].

**IT IS ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: July 7, 2020